1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

13

WILLIAM FREDERICK GILBERT,

14

Petitioner,

15

v.

16

UNITED STATES OF AMERICA,

17

Respondent.

18
19
20
21

Case No.: 14-CR-0634 W
                16-CV-1448 W

**ORDER:**

**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS [DOC. 49]; AND**

**(2) DENYING AS MOOT RESPONDENT'S MOTION TO STAY [DOC. 52]**

22      Pending before the Court is Petitioner William Gilbert's motion to vacate pursuant

23  to 28 U.S.C. § 2255.  [Doc. 49.]  Respondent United States of America opposes, and it

24  moves to temporarily stay proceedings.  [Doc. 52.]  The Court decides the matter on the

25  papers submitted and without oral argument.  See Civ. L.R. 7.1 (d)(1).  For the reasons

26  stated below, the Court **DENIES** the petition and **DENIES AS MOOT** Respondent's

27  motion to stay.

28  //

1

1

## I.   BACKGROUND

2       On August 4, 2014, Mr. Gilbert pleaded guilty to two counts of bank robbery and

3   one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).  (*Petition*

4   [Doc. 49] 2:25–28.)  As Gilbert had multiple prior convictions for crimes of violence, one

5   of which was a bank robbery in violation of 18 U.S.C. § 2113(a), the Court enhanced his

6   sentence as a career offender pursuant to U.S.S.G. § 4B1.1(a).  (*Sentencing Hearing*

7   [Doc. 49, Exh. B] 12.)

8       In his motion to vacate, Gilbert now argues that the Court erred in applying this

9   enhancement because it considered his previous bank robbery conviction a "crime of

10  violence."  (*Petition* [Doc. 49].)  According to Mr. Gilbert, bank robbery is not a crime of

11  violence pursuant to the definition provided in U.S.S.G. § 4B1.2(a)(1)—it could only

12  qualify as a crime of violence pursuant to an ostensibly unconstitutional residual clause

13  that appeared in U.S.S.G. § 4B1.2(a)(2) at the time. [1]  (*Id.*)

14

## II.   DISCUSSION

15

16      Mr. Gilbert waived the right to collaterally attack his sentence as part of his plea

17  agreement.  (*See Plea Agreement* [Doc. 25] 14.)  He now argues that the waiver is

18  ineffective because the Court must have illegally deemed his previous bank robbery a

19  crime of violence per the residual clause noted above, in U.S.S.G. § 4B1.1(a)(2) (2015).

20

21

22  [1] Gilbert references the recent Supreme Court decision of <u>Johnson v. United States</u>, 135 S. Ct. 2551

23  (2015).  (*Petition* [Doc. 49].)  In <u>Johnson</u>, the Court held that to increase a defendant's sentence pursuant
    to the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), violates the Due

24  Process Clause of the United States Constitution.  <u>See</u> 135 S. Ct. at 2557–58.  That residual clause
    defines a violent felony as one that "involves conduct that presents a serious potential risk of physical

25  injury to another"—a definition the Supreme Court found to be unconstitutionally vague.  <u>See id.</u>; 18
    U.S.C. § 924(e)(2)(B)(ii).

26
    At the time of Mr. Gilbert's sentencing, the guidelines contained an analogous residual clause that could

27  have classified certain violations as crimes of violence when they did not meet that phrase's definition
    by their elements.  <u>See</u> U.S.S.G. § 4B1.2(a)(2) (2015) (defining a crime of violence residually as one

28  that "otherwise involves conduct that presents a serious potential risk of physical injury to another").

2

1   (*See Pet.'s Reply* [Doc. 53] 4:25–5:25.)  <u>See</u> <u>United States v. Torres</u>, 828 F.3d 1113, 1125

2   (9th Cir. 2016) ("A waiver of appellate rights will . . . not apply if a defendant's sentence

3   is illegal . . . ." (internal quotation omitted)).  This is incorrect.  Bank robbery is a crime

4   of violence by its elements, per U.S.S.G. § 4B1.2(a)(1), without reference to the residual

5   clause in § 4B1.2(a)(2) (2015).

6        U.S.S.G. 4B1.1 provides:

7        A defendant is a career offender if (1) the defendant was at least eighteen years old

8        at the time of the incident offense, (2) the instant offense of conviction is a felony

9        that is either a crime of violence or a controlled substance offense, and (3) the

10       defendant has at least two prior felony convictions of either a crime of violence or

11       a controlled substance offense.

12  U.S.S.G. § 4B1.2(a)(1) defines "crime of violence" to include "any offense under federal

13  or state law, punishable by imprisonment for a term exceeding one year, that . . . has as

14  an element the use, attempted use, or threatened use of physical force against the person

15  of another[.]"

16       Conviction for bank robbery pursuant to 18 U.S.C. § 2113(a) requires proof of

17  either "force and violence" or "intimidation."  Both force and violence and intimidation

18  constitute "the use, attempted use, or threatened use of physical force against the person

19  of another."  <u>United States v. Selfa</u>, 918 F.2d 749, 751 (9th Cir. 1990) ("[P]ersons

20  convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. §

21  2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline

22  Section 4B1.1."); <u>accord</u> <u>United States v. McNeal</u>, 818 F.3d 141, 153 (4th Cir. 2016),

23  cert. denied, 2016 WL 3552855 (Oct. 3, 2016); <u>United States v. McBride</u>, 826 F.3d 293,

24  296 (6th Cir. 2016); <u>United States v. Jones</u>, 932 F.2d 624, 625 (7th Cir. 1991); <u>United</u>

25  <u>States v. Wright</u>, 957 F.2d 520, 522 (8th Cir. 1992), cert. denied, 506 U.S. 856 (1992).

26  The Ninth Circuit's holding in <u>Selfa</u> is directly on point.  It finds ample support in

27  decisions of the Fourth, Sixth, Seventh, and Eighth Circuits.

28  //

16-CV-1448 W

1    Bank robbery qualifies as a crime of violence pursuant to U.S.S.G. § 4B1.2(a)(1),

2  without reference to the allegedly unconstitutional residual clause in U.S.S.G. §

3  4B1.2(a)(2) (2015).  As such, Mr. Gilbert's contention that his sentence is illegal based

4  on that allegedly unconstitutional residual clause in § 4B1.2(a)(2) (2015) is without merit.

5  His collateral attack waiver applies.  (*See Plea Agreement* [Doc. 25] 14.)

6    The petition is **DENIED**.  The clerk is directed to close the associated civil case.

7    Respondent's motion to stay proceedings is **DENIED AS MOOT**.[2]

8

9    **IT IS SO ORDERED**.

10

11  Dated:  October 4, 2016

12

13    Hon. Thomas J. Whelan
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26  [2] Respondent moves to stay pending resolution of the Supreme Court case of <u>Beckles v. United States</u>,
    No. 15-8544, which it argues presents two issues: (1) whether <u>Johnson</u> applies retroactively in this

27  context; and (2) whether the holding of <u>Johnson</u> applies to the residual clause in U.S.S.G. § 4B1.2(a).
    (*Resp.'s Opp'n* [Doc. 52] 3:23–4:23.)  For the reasons stated above, these issues are not relevant to the

28  disposition of this petition.

4